## LECOUTURIER v. ICKELHEIMER et al.

### (District Court, S. D. New York. May 5, 1913.)

EXECUTORS AND ADMINISTRATORS (§ 524*)—SUIT BY FOREIGN ADMINISTRATOR—AUTHENTICATION OF LETTERS.

Code Civ. Proc. N. Y. § 1836a, added by Laws 1911, c. 631, authorizes a foreign administrator to maintain a suit in the courts of the state, if within 20 days after suit brought he files a copy of the letters granted to him, authenticated as required by section 2704, which provides that the authentication shall show that the court granting the authority was duly authorized to "grant letters of administration"; otherwise, the suit may be stayed until he does so. *Held,* that the filing of such copy is a condition subsequent, and that the court has a discretion as to staying the suit; also that the purpose of the provision is to require the plaintiff to show that he is qualified under the laws of his country to bring such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a suit for protection of the estate, which he may do even though the foreign court, owing to difference in the laws, cannot give a certificate that the authority granted is the same as that given by letters of administration under the law of New York.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2330–2343; Dec. Dig. § 524.*]

In Equity. Suit by Henri Lecouturier, as administrator of the estate of Charles Rubens, against Henry R. Ickelheimer, individually and as executor, and others. On objection to complainant's competency to sue. Time granted to obtain authentication of letters.

See, also, 205 Fed. 682.

McLean, Hayward & Kelsey, of New York City, for complainant.

Coudert Bros., of New York City, for defendants Ickelheimer and others.

Hoadly, Lauterbach & Johnson, of New York City, for Mt. Sinai Hospital and others.

WARD, Circuit Judge. The complainant's case is that one Rubens died domiciled in Paris, leaving a will of which the defendant Ickelheimer is the executor, and under which the other defendants are legatees. It is alleged that this will was invalid under the law of France, but proved in the Surrogate's Court of the county of New York, and held valid as to property of the decedent within the state of New York.

The complainant alleges that he was appointed by the Civil Tribunal of the Seine, a court having jurisdiction of the estates of persons dying in the city of Paris, "administrateur judiciaire," or, as the order of appointment states, "administrateur provisoire," authorizing him to take and reduce into possession the estate of the said Rubens. He brings this suit as such against the defendants, on the ground that they have unlawfully converted assets of the estate which ought to have gone to the persons entitled under the intestate law of France. The ground of objection is that certificates of stock and bonds of corporations other than corporations of the state of New York were distributed under the will, although they had no legal situs within the state.

Section 1836a of the Code of Civil Procedure, added by Laws 1911, c. 631, provides that a foreign administrator may sue in the courts of New York, if within 20 days after suit brought he shall file in the office of the clerk of the court wherein suit is brought a copy of the letters issued to him, authenticated as required by section 2704 of the Code of Civil Procedure, in default whereof all proceedings may be stayed until he does so. The defendants contend that this is a condition precedent to the complainant's right to sue, and that in any event the words "may be stayed" are to be construed as "shall be stayed." I think, on the other hand, that it is a condition subsequent, and that the section gives the court a discretion in the matter of staying the suit.

The complainant has filed a copy of the order of the Civil Tribunal of the Seine appointing him administrator, which has not been authenticated in the manner the statute provides. The defendants admit that

the paper filed is substantially a correct copy of the authority, but object that the authentication does not state that the French court which granted the authority "was duly authorized by the laws of the said foreign country to * * * grant letters of administration." The question is what is meant by letters of administration. The important matter is that the complainant should be qualified by the French law to bring such a suit as this in the protection of the estate. We could hardly expect French courts or judges to give any certificate that the authority there granted is the same as that given by letters of administration under the law of New York.

I think the complainant raises a serious question, and that unless he is allowed to litigate it in this suit the parties he represents will be remediless. The defendants say he may get ancillary letters; but I think the Surrogate's Court here would immediately refer him to section 1836a, and, at all events, would be very unlikely to issue ancillary letters of administration of an estate which it has actually distributed under letters testamentary.

The complainant may have six weeks within which to file, if he can obtain it, such an authentication as is required by section 1836a. If not, the objection to his competency which is set up in the answer will be treated like a plea in abatement and tried out preliminarily in accordance with Supreme Court equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) on proofs as to the nature and extent of the authority conferred upon him under the French law.